IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHNNY RAY COX, | CV 18-00170-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TERRY BOYD, BILLINGS PROBATION & PAROLE, and YELLOWSTONE COUNTY, | |
| Defendants. | |

Plaintiff Johnny Ray Cox, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed Complaint (Doc. 2), alleging the Defendants violated his constitutional rights during the course of criminal proceedings by including false information in his presentence investigation report.  The motion to proceed in forma pauperis will be granted, but Mr. Cox's claims are barred by the applicable statute of limitations and by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  This matter should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Because he is incarcerated, Mr. Cox must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court cannot determine the balance of Mr.

Cox's prison account from the documents submitted; therefore, the initial partial

filing fee is waived, and Mr. Cox may proceed with the case.  *See Bruce v.*

*Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be

exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Cox will be

required to pay the fee in installments and make monthly payments of 20% of the

preceding month's income credited to his prison trust account.  The percentage is

set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Cox must make

these monthly filing-fee payments simultaneously with the payments required in

any other cases he has filed.  *Id.*  By separate order, the Court will direct the

facility where Mr. Cox is held to forward payments from Mr. Cox's account to the

Clerk of Court each time the account balance exceeds $10.00, until the filing fee is

paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.  Parties

Mr. Cox was incarcerated at Yellowstone County Detention Facility at the

time this matter was filed.  He is currently incarcerated at Montana State Prison.

He names the following Defendants:  Terry Boyd, a probation officer with Billings

Probation and Parole; the Billings Probation and Parole Department; Yellowstone

County; and the Yellowstone County Public Defenders Office including David

Arthur, Richard Phillips, and David Duke.  (Complaint, Doc. 2 at 5.)

### B.  Allegations

Mr. Cox alleges Defendant Terry Boyd violated his right to due process by including false information in his presentence investigation report (PSI), including that Mr. Cox had eleven felony convictions, that he absconded, that he was terminated from Veterans treatment court, and that he had several probation violations that were never proven.  Mr. Cox indicates his PSI was prepared in May 2015 and that he was sentenced on July 28, 2015.  He claims that he was sentenced based on false information; he received a much harsher sentence than others because of the false PSI report; and his PSI was never corrected.

He alleges the Yellowstone County Public Defender's Office denied him his right to have effective assistance of counsel.  (Complaint, Doc. 2.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Because Mr. Cox is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679,

4

680.  Factual allegations are not entitled to the assumption of truth if they are

"merely consistent with liability," or "amount to nothing more than a 'formulaic

recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint

stops short of the line between probability and the possibility of relief where the

facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a

"plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the

factual allegations, which are accepted as true, "allow[ ] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at

678.  This inquiry is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but

it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing*

Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

5

justice").

**B. Analysis**

Mr. Cox's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In

*Heck*, the United States Supreme Court held that if a judgment in favor of a

plaintiff in a civil-rights action would necessarily imply the invalidity of his

conviction or sentence, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has been invalidated.  *Id.* at 486–87;

*see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc)

("*Heck* says that 'if a criminal conviction arising out of the same facts stands and

is fundamentally inconsistent with the unlawful behavior for which section 1983

damages are sought, the 1983 action must be dismissed.' " (citation omitted)).

Thus, the "relevant question" in a § 1983 suit is whether success would

"'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or

sentence."  *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487).  Because Mr.

Cox indicates that his sentence was based on the PSI at issue, his claims regarding

the PSI would necessarily imply the invalidity of his sentence and are therefore

barred by *Heck*.

To the extent Mr. Cox is seeking to raise any claims that are not challenging

his conviction or sentence, those claims are barred by the applicable statute of

limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Cox's Complaint is dated December 4, 2018, therefore all claims accruing prior to December 4, 2015 are barred by the applicable statute of limitations.  Mr. Cox's PSI was written in May 2015 and he was sentenced in July 2015.  As such, his claims accrued prior to December 2015 and are now barred by the statute of limitations.  This is not a defect which could be cured with further amendment.

In addition, the public defenders office and the public defenders themselves are not proper defendants in this action.  It is well established that court-appointed attorneys are not state actors for purposes of Section 1983.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal because the public defender represented the plaintiff's interest during criminal trial, not the state's interests).  Mr. Cox thus fails

to state a claim under § 1983 against the public defenders for the actions they took in defending Mr. Cox in his criminal proceedings.

Accordingly, the Court issues the following:

## ORDER

1.  Mr. Cox's Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on December 4, 2018.

3.  At all times during the pendency of this action, Mr. Cox must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the

8

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted.  *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g) ).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cox may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Cox is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of June, 2019.

Timothy J. Cavan
United States Magistrate Judge