IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

JUL 3 1 2019

Clerk, U S District Court
District Of Montana
Billings

JOHNNY RAY COX

Plaintiff,

vs.

TERRY BOYD, BILLINGS
PROBATION & PAROLE, and
YELLOWSTONE COUNTY,

Defendants.

CV 18-170-BLG-SPW

ORDER ADOPTING
FINDINGS AND
RECOMMENDATIONS

Plaintiff Johnny Ray Cox, a prisoner appearing pro se, alleges the Defendants violated his constitutional rights during the course of criminal proceedings by including false information in his presentence investigation report.

Pending before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations on Cox's complaint. Judge Cavan recommends this Court dismiss the case because Cox's complaint fails to state a claim upon which relief may be granted. (Doc. 5 at 8-9). Cox filed timely objections to the findings and recommendations, entitling him to de novo review. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

Cox's first objection is directed at Judge Cavan's recommendation that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his claim. Cox argues caselaw should not

1

prevent him from seeking damages caused by the inclusion of false information in his presentence report. Unfortunately for Cox, this Court is bound by precedent. Under *Heck*, because Cox' § 1983 claim is premised on his sentence being illegal, he must demonstrate his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-487. Cox has not done so, and therefore *Heck* bars his § 1983 claim.

Cox's second objection is directed at Judge Cavan's recommendation that Cox's claim is barred by Montana's statute of limitations. Cox concedes his claim is beyond the statute of limitations but asks what his legal recourse is if his allegedly false presentence report is used against him in another, newer case. Although the Court may construe Cox's pleadings liberally because he is pro se, the Court cannot answer Cox's questions because to do so would assume the role of advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, for the reasons stated in Judge Cavan's findings and recommendations,

IT IS ORDERED the proposed findings and recommendations entered by United States Magistrate Judge Cavan (Doc. 5) are adopted in full.

IT IS FURTHER ORDERED this case is dismissed.

IT IS FURTHER ORDERED the Clerk of Court is directed to enter by separate document a judgment in favor of the Defendants and against the Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the Complaint is frivolous as it lacks arguable substance in law or fact.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

DATED this 31st day of July, 2019.

SUSAN P. WATTERS
United States District Judge